# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                        Case No.    25-MJ-2058DPR

COURTNEY ELLIS,

        Defendant.

## MOTION FOR DETENTION

Comes now the United States of America, by and through its undersigned counsel, and hereby moves this Court to order the detention of defendant Courtney Ellis, and moves for pretrial detention of the Defendant, pursuant to 18 U.S.C. §3142(e) and (f) for the following reasons:

1.    **Eligibility of Case.**  This case is eligible for a detention order because this case involves (check all that apply):

        X        Crime of violence (18 U.S.C. § 3156(a)(4)), under 18 U.S.C. §3142(f)(1)(A)

        ☐        A violation of 18 U.S.C. § 1591, under 18 U.S.C. §3142(f)(1)(A).

        ☐        Crime of Terrorism (18 U.S.C. § 2332b (g)(5)(B)) with a maximum sentence of ten years or more, under 18 U.S.C. §3142(f)(1)(A).

        ☐        Crime with a maximum sentence of life imprisonment or death, under 18 U.S.C. §3142(f)(1)(B)

        ☐        Drug offense with a maximum sentence of ten years or more, under 18 U.S.C. §3142(f)(1)(C)

        ☐        Felony offense and defendant has two prior convictions as described in 18 U.S.C. §3142(f)(1)(A) and (C), or two State convictions that would otherwise fall within 18 U.S.C. §3142(f)(1)(A) and (C) if federal jurisdiction had existed, under 18 U.S.C. §3142(f)(1)(D)

☐ Felony offense involving a minor victim other than a crime of violence, under 18 U.S.C. §3142(f)(1)(E)

☐ Felony offense, other than a crime of violence, involving possession or use of a firearm, destructive device (as those terms are defined in 18 U.S.C. § 921), or any other dangerous weapon, under 18 U.S.C. §3142(f)(1)(E)

☐ Felony offense other than a crime of violence that involves a failure to register as a Sex Offender (18 U.S.C. § 2250), under 18 U.S.C. §3142(f)(1)(E)

X Serious risk the defendant will flee, under 18 U.S.C. §3142(f)(2)(A)

X Serious risk of obstruction of justice, including intimidation of a prospective witness or juror, under 18 U.S.C. §3142(f)(2)(B)

2.    **Reason for Detention.**  The Court should detain defendant because there are no conditions of release which will reasonably assure (check both):

X Defendant's appearance as required.

X Safety of any other person and the community.

3.    **Rebuttable Presumption.**    The United States will invoke a rebuttable presumption against defendant under § 3142(e). The presumption applies because (check all that apply):

☐ Probable cause to believe defendant committed offense within five years of release following conviction  for a qualifying offense committed while on pretrial release, under 18 U.S.C. §3142(e)(2).

☐ Probable cause to believe defendant committed drug offense with a maximum sentence of ten years or more, under 18 U.S.C. §3142(e)(3)(A).

☐ Probable cause to believe defendant committed a violation of one of the following offenses:  18 U.S.C. §§ 924(c), 956 (conspiracy to murder or kidnap), or 2332b (act of terrorism), under 18 U.S.C. §3142(e)(3)(B).

☐ Probable cause to believe defendant committed a violation of 18 U.S.C.

2

§2332b(g)(5)(B) (crime of terrorism) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed, under 18 U.S.C. §3142(e)(3)(C).

☐ Probable cause to believe defendant committed an offense under chapter 77 of title 18 for which a maximum term of imprisonment of 20 years or more is prescribed, under 18 U.S.C. §3142(e)(3)(D).

☐ Probable cause to believe defendant committed an offense involving a victim under the age of 18 under 18 U.S.C. §§1201, 1591, 2241, 2242, 2244(a)(l), 2245, 2251, 2251A, 2252(a)(l) through 2252(a)(3), 2252A(a)(l) through 2252A(a)(4), 2260, 2421, 2422, 2423 or 2425, under 18 U.S.C. §3142(e)(3)(E)

4.      **Additional Factors for Consideration.** (place here additional facts relevant to detention under Section 3142(g) factors.)

The defendant allegedly, and without any provocation, assaulted a United States Postal Service mail carrier while that person was in the performance of their duties.   The defendant also has misdemeanor convictions for assault of a law enforcement officer, misdemeanor assault, felony driving under the influence of alcohol, misdemeanor elder abuse, felony domestic assault, resisting arrest, harassment, and violation of an order of protection.   A review of the defendant's criminal history shows a long pattern of violent and harassing behavior that warrants detention because of public safety concerns and failure to appear as ordered by the Court.

5.      **Time for Detention Hearing.** The United States requests the Court conduct the detention hearing:

☐      At the initial appearance.

X      After a continuance of 3 days.

3

WHEREFORE, based on the foregoing, the United States requests that the Court hold a Detention Hearing in accordance with 18 U.S.C. § 3142(f), and following such hearing, order the detention of the defendant in accordance with 18 U.S.C. § 3142(e).

Respectfully submitted,

Jeffrey P. Ray
Acting United States Attorney

By:     */s/ Randall D. Eggert*

Randall D. Eggert
Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was delivered on June 30, 2025, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing will be hand-delivered to the defendant at his first appearance before a judicial officer.

*/s/ Randall D. Eggert*
Randall D. Eggert
Assistant United States Attorney